UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**   CIVIL ACTION NO. 09-13981

 vs.

          DISTRICT JUDGE GERALD E. ROSEN

**VENUS BOWIE,**    MAGISTRATE JUDGE MONA K. MAJZOUB

   **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.** **RECOMMENDATION:** Defendant's Requests for hearing on Plaintiff's Writs of Continuing Garnishment (docket nos. 13-15) should be **DENIED**.

**II.** **REPORT**:

Before the Court are Defendant's Requests for Hearing on Plaintiff's Writs of Continuing Garnishment. (Docket nos. 13-15). The government has filed a response. (Docket no. 20). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 16). The matter is now ready for ruling.

This is a student loan case. On December 11, 2009 the government obtained a default judgment against the Defendant in the amount of $3,492.39 together with post judgment interest, after the Defendant failed to answer or appear in this action. (Docket no. 7). The government filed

---

[1]The order of reference referred this matter for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

1

applications for writs of garnishment to the Salvation Army and the Michigan Department of Treasury on January 12, 2010, and writs were issued on that same day. (Docket nos. 9-10, 18-19). Neither garnishee filed an answer with the Court.

On January 21, 2010, the Defendant filed the instant Requests for Hearing on the writs of garnishment. (Docket nos. 13, 14). In the Requests for Hearing, the Defendant acknowledges that she owes the debt. She states that she has contacted opposing counsel by telephone and has been told that they have no record of the case. She further states that she would like to make payment arrangements with the government. Defendant attached to her hearing requests a form entitled "Major Exemptions Under State Law" in which she claims an exemption under MCL § 600.5311, which pertains to exemptions under the state Receivership for Wage Earners statute. The exemption states that "[h]ouseholders with a family may exempt 60% of weekly wages, but not less than $15 per week, and an extra $2.00 per week per dependent other than a spouse. Other debtors may exempt 40% of weekly wages, but not less than $10 per week." (Docket no. 13). Defendant also filed a letter with the Court requesting that this proceeding be transferred because her Waterford Michigan address is outside the Federal Judicial District. (Docket no. 15).

The government asserts in response to the Defendant's Requests for Hearing that a hearing on this matter is not necessary because the Defendant admits to owing the debt and no funds have been identified which are subject to garnishment. The government states that the Salvation Army's answer to the writ of garnishment indicates that the Defendant's employment was terminated in April 2006. The government further asserts that the Michigan Department of Treasury has not served its answer to the writ of garnishment.

As a preliminary matter, the Court should find that Defendant's Waterford Michigan address

lies within this Court's judicial district and should therefore decline to transfer the proceeding as requested by the Defendant. As related to the writs of garnishment, the Defendant has not moved to quash the writs and has not claimed an applicable exemption from garnishment. The Defendant also has not objected to the writs other than to state that she is in need of a reasonable payment plan. No funds have been identified at this time which are subject to garnishment by the government.

The government has stated its willingness to discuss reasonable payment arrangements with the Defendant. Accordingly, the Court should deny the Defendant's Request for Hearing and should instruct the Defendant to contact opposing counsel to work out appropriate payment arrangements.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 05, 2010        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Venus Bowie and Counsel of record on this date.

Dated: March 05, 2010        s/ Lisa C. Bartlett
                              Case Manager

4